UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELE GORDON,

    Plaintiff,

v.

    CASE NO. 6:14-cv-1505-Orl-31DAB

FINGERHUT d/b/a BLUESTEM BRANDS, INC.,

    Defendant.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MICHELE GORDON ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, FINGERHUT d/b/a BLUESTEM BRANDS, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's complaint is based upon the Florida Consumer Collections Practices Act, §559.55, et seq. ("FCCPA")

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, and this court retains supplemental jurisdiction over the state law claims herein.

4. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL      1

## PARTIES

6. Plaintiff is a natural person who resides in Altamonte Springs, Seminole County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Eden Prairie, Minnesota.

8. Plaintiff allegedly owes a consumer debt as that term is defined by the FCCPA.

9. Plaintiff is a consumer as that term is defined by the FCCPA.

10. Defendant is a creditor as that term is defined by the FCCPA.

11. Defendant is a debt collector as that term is defined by the FCCPA.

12. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiff.

13. Within the last two years, Defendant communicated with Plaintiff as that term is defined by the FCCPA.

14. Defendant engages in debt collection in the State of Florida.

15. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

16. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. In or around April of 2014, Defendant began placing telephone calls to Plaintiff in an attempt to collect a consumer debt.

19. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

20. Upon information and belief, each of Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

21. Defendant places calls to Plaintiff's cellular telephone at 407-949-74XX.

22. Defendant places calls from phone numbers including, but not limited to, 602-221-6028.

23. When Plaintiff is unable to answer Defendant's calls, Defendant leaves recorded messages on Plaintiff's voicemail

24. On or around June 9, 2014, Plaintiff spoke with Defendant's representative and requested that Defendant cease calling her cellular telephone.

25. Plaintiff revoked any consent, express or implied, to receive automated collection calls from Defendant in the course of the telephone call on or around June 9, 2014.

26. Despite Plaintiff's request to cease, Defendant continued to place automated collection calls to Plaintiff, including but not limited to the following:

- June 9, 2014: five (5) calls;
- June 10, 2014: one (1) call;
- June 17, 2014: six (6) calls;
- June 18, 2014: four (4) calls;
- June 19, 2014: four (4) calls;
- June 20, 2014: four (4) calls;
- June 21, 2014: two (2) calls;

- June 22, 2014: two (2) calls;
- June 23, 2014: four (4) calls;
- June 24, 2014: four (4) calls;
- June 25, 2014: four (4) calls;
- June 26, 2014: four (4) calls;
- June 27, 2014: four (4) calls;
- June 28, 2014: two (2) calls;
- June 29, 2014: three (3) calls;
- June 30, 2014: five (5) calls;
- July 1, 2014: four (4) calls;
- July 2, 2014: four (4) calls;
- July 3, 2014: four (4) calls;
- July 4, 2014: four (4) calls;
- July 5, 2014: one (1) call;
- July 6, 2014: two (2) calls;
- July 7, 2014: four (4) calls;
- July 8, 2014: four (4) calls

**COUNT I**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

27.   Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

28.   Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

29. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

30. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

31. All court costs, witness fees and other fees incurred; and

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA")

33. Plaintiff re-alleges and incorporates by reference as though fully set forth herein of this Complaint.

34. Defendant violated FCCPA § 559.72(7) by willfully communicating with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant for the following:

35. Statutory damages pursuant to the Florida Consumer Collections Practices Act, §559.77(2);

36. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collections Practices Act, §559.77(2);

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax: (866) 802-0021
Attorney for Plaintiff
FBN: 0882461

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHELE GORDON, hereby demands trial by jury in this action.